No. 4.—MOSES CURRY and others, plaintiffs in error, *vs.* ROBERT S. PILES, defendant in error.

[1.] The decrees or judgments of a Court of Equity are embraced within the Dormant Judgment Act of 1823.

Motion, in Glynn Superior Court. Decided by Judge FLEMING, April Term, 1849.

This was a motion to sue out a *fi. fa.* under the 13th Equity Rule of the Superior Courts, *nunc pro tunc*, on a decree rendered 4th December, 1838. The motion was resisted on the ground,

that the decree was for a specific sum of money, and was *dormant* under the Act of 1823. The Court refused the motion, and error is assigned thereon.

W. & W. F. LAW, for plaintiffs in error.

BARTOW & DELYON, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question presented by the record in this case is, Whether a decree of a Court of Equity for a specific sum of money is embraced within the Dormant Judgment Act of 1823.

The argument for the plaintiffs in error is, that only Common Law judgments, founded on the verdict of a Jury, as specified in the Judiciary Act of 1799, are embraced within the true intent and meaning of the Act of 1823.

The Act of 1823 is an Act to amend the 3d section of an Act, passed 19th December, 1822, entitled an Act to amend the 26th section of the Judiciary Act, passed the 16th day of December, 1799; and, *also, to prevent a fraudulent enforcement of dormant judgments.* A decree is the judgment or sentence of a Court of Equity. *Bouvier's Law Dictionary,* 428. 2 *Maddock's Ch. Pr.* 464.

The Act of 1823 declares, that "All judgments that have been obtained since the 19th day of December, 1822, and *all judgments* that may be hereafter rendered, in *any of the Courts in this State,* on which no execution shall be sued out, &c. within seven years from the date of the judgment, shall be void and of no effect." *Prince,* 458. The Act not only purports to be an Act to amend the 26th section of the Judiciary Act of 1799, but also to prevent *a fraudulent enforcement of dormant judgments.* Besides, the words of the Act are very broad and comprehensive, embracing *all judgments* rendered in any of the Courts of this State. According to our practice, the decree is rendered by the verdict of a Jury, and is nothing but the judgment or sentence of the Court, and we are not aware of any Statute that gives to the decree or judgment of a Court of Equity, in this State, a *lien* on the property of the defendant, but the Act of 1799. Judgments rendered by Justices' Courts, are not generally founded on the ver-

dict of a Jury, yet such judgments have always been held to be embraced within the Dormant Judgment Act.

We think the decree mentioned in the record, being for a specific sum of money, is, in contemplation of the Act of 1823, a judgment, and is not only embraced within the *words* of that Act, but is also within the *mischief* which that Act intended to remedy.

Let the judgment of the Court below be affirmed.