LUTHER HAYS, plaintiff in error, *vs.* JOHN G. REYNOLDS, executor, defendant in error.

Four years possession of land, after a judgment of foreclosure of a mortgage thereon, by a *bona fide* purchaser thereof, does not discharge the same from the lien of such judgment, under section 3583 of the Code.

Vendor and purchaser. Mortgage. Judgment. Before Judge HALL. Newton Superior Court. September Term, 1873.

Hays *vs.* Reynolds.

For the facts of this case, see the decision.

FLOYD & MIDDLEBROOKS, for plaintiff in error.

SIMS & SIMS, for defendant.

WARNER, Chief Justice.

This was a claim case. The land was levied on to satisfy a mortgage lien under a judgment of foreclosure thereof. On the trial of the claim, the jury, under the charge of the court, found the property subject to the mortgage. A motion was made for a new trial on the ground of error in the charge of the court to the jury, which was overruled, and the claimant excepted. The only question made in the record for our judgment is, whether the claimant was protected in his four years possession of the land as a *bona fide* purchaser thereof for a valuable consideration, as against the lien of the mortgage, when there had been a judgment of foreclosure of the mortgage. In other words, are judgments foreclosing mortgage liens within the provisions of the 3583d section of the Code, which declares: " When any person has *bona fide*, and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased."

The court charged the jury that a judgment foreclosing a mortgage lien was not within the true intent and meaning of that section of the Code, and that is the alleged error complained of in this case. The lien of a mortgage is created by the act of the parties and not by the judgment of the court foreclosing it. The judgment of foreclosure only bars the mortgagor's equity of redemption of the specific property contained in the mortgage. The judgment of foreclosure authorizes the sale of the thing or specific property mortgaged, in satisfaction of the lien created by the mortgage, and that is all; it binds no other property of the mortgagor. The due record of a mort-

gage is notice from the time of record to all the world : Code, 1960.   It will be noticed that the 3583d section declares that four years possession of the real property by the purchaser shall discharge it from the lien of any judgment against the person from whom he purchased.   A judgment of foreclosure of a mortgage, is not a judgment against *the person* of the mortgagor, but is only a judgment against the thing or property mortgaged, and not being a judgment against *the person* from whom the claimant purchased the land, it is not within the 3583d section of the Code.   In *Butt vs. Maddox*, 7th *Georgia Reports*, 495, it was held that judgments on the foreclosure of mortgages, were not within the dormant judg-act of 1823, and one of the reasons given for the judgment of the court in that case was, that the lien of the mortgage was created by the contract of the parties and not by the judgment of a court.   This ruling of the court was affirmed in *Horton vs. Clark*, 40 *Georgia Reports*, 412.

Let the judgment of the court below be affirmed.