# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered November 3, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER.

WHITTLE, *et al., vs.* TARVER, TRUSTEE.

CLAIM, FROM DOUGHERTY. Executions. Judgments. Decrees. Equity. Attorney and Client. Jurisdiction. (Before Judge Bower.)

Jackson, C. J.—1. Section 3583, of the Code, which provides that, "where a money judgment shall hereafter be rendered against any defendant who, at the time suit is begun, does not reside in the county where it is instituted, the property of such non resident defendant which is situated at the time of the judgment without such county shall, so far as affects *bona fide* purchasers for value without actual notice of the judgment, not be bound by such judgment, unless the owner of said judgment shall, within three months of the final rendition of the judgment, have his *fieri facias* entered upon the execution docket in the office of the Superior Court of the county where such defendant resided at the date of the judgment," has reference to general judgments against the defendant and all his property, and not to a judgment *in rem*, enforcing against certain land a charge created thereon by the will of the former owner. Whether the execution under such a decree was recorded or entered as provided by section, is immaterial. 53 Ga., 328; Code, §3583; 71 Ga., 93.

(a.) Under the facts of this case, the record of the decree could not have affected the title.

2. Where a claimant of land derived his title from one who derived title under a will which imposed a charge on the land, the record of the will was notice to the claimant; and it was error to charge that, unless he had actual notice of the charge on the land, it was not subject.

3. Where a decree was rendered on a bill to subject land to a charge created by a will, and a bill of review filed, resulting in a decree in favor of certain parties for the use of their attorneys, who were also parties, the fact that the execution was issued directly in favor of the attorneys furnished no grounds of objection. Code, §4215.

4. Where counsel were parties to a bill, and as such obtained a decree enforcing for their benefit a charge created by a will on certain land, and no exception was taken to this decree, it fixed the rights of the attorneys if the court had jurisdiction; and the proceeding being

by them as parties, and not to enforce a lien as counsel on proceeds in the hands of, or belonging to their clients, there is no need to show any notice of an attorney's lien or other steps to enforce it.

5. Whether the Superior Court of DeKalb County had jurisdiction, when the original bill was filed in this case or not, yet where the defendant therein filed his bill of review in that county, there was jurisdiction therein, and the decree rendered against him, enforcing a charge, upon land, bound him and those holding under him.

Judgment reversed.

D. A. Vason ; G. W. Gustin, for plaintiffs in error.

G. J. Wright; R. Hobbs; L. Arnheim, for defendant.