No. 35.—ANN E. McDOUGALD, adm'x, &c. of Daniel Mc-
Dougald, plaintiff in error, *vs.* EDWARD CAREY, assignee,
&c. defendant in error.

[1.] Where, in the record of a case of *sci. fa.* to make parties, no order by
the Court appeared, and there was no record of a suggestion before the
Clerk, and order by him: *Held,* inasmuch as the Statutes do not require
this, and there is some doubt as to the signification of the 65th rule of
Court, a different construction of said rule having prevailed: inasmuch as
the filing of said order was only necessary to the symmetry of the record,
and not to the substantial justice of the case, and an amendment might
have been made *nunc pro tunc;* and as the Court is not well satisfied as to
the proper construction of this rule, that it will not disturb a settled prac-
tice, which has dispensed with the filing of said suggestion and order.

*Scire facias,* in Muscogee Superior Court. Decision by
Judge WORRILL, June Term, 1854.

This was a *scire facias* to make Ann E. McDougald, as
adm'x of Daniel McDougald, a party to a cause pending at his
death. The death of defendant, Daniel McDougald, was
suggested of record, at July Term 1853, but no order for *sci.
fa.* to issue. Counsel for Mrs. McDougald moved to quash
the *sci. fa.* on this ground, and because they insisted the cause
was discontinued and abated. The Court refused the motion,
and this is the error assigned.

Judge BENNING having been of Counsel in this case, did
not preside.

JOHNSON & PATTERSON, for plaintiff in error.

DOUGHERTY, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] For the plaintiff in error, it is argued, that every *scire*

*facias* issued for the purpose of making parties, should be founded upon an intelligible record. That accordingly, when the defendant in this case died, an order by the Court, directing *scire facias* to issue, should have been placed upon the minutes; or if not, a suggestion and order should have been made in writing, before the Clerk, and filed among the proceedings in the cause. That without such order, the record lacks symmetry, and is unintelligible.

We agree with the Counsel for the plaintiff in error, that such an order of file is needed, that the record in such a case may be rendered easily intelligible. But we incline to think, that by the Statutes regulating the issuing of *scire facias*, this may be done by the Clerk without the granting or filing of this order.

It is said that if our legislation is lacking in this regard, the 65th Common Law Rule of Court prescribes this requirement. To this it is replied, that the provisions of this section apply only to cases of *scire facias* to revive judgment. There is something in the language employed, to encourage this conclusion. Yet we believe the uniform construction has always been, in our State, that this section applied to cases of *scire facias* to make parties. The practice, however, we think, has not been to enter a formal order directing *scire facias* to issue; but after the suggestion, it has usually been issued as matter of course.

However all this may be, we are not of the opinion that the absence of such order, in this case, was a fatal defect; for whether the question is controlled by the Statute or the rule of Court, the order might have been put of file by way of amendment, *nunc pro tunc*. In either point of view, it issues as matter of course; and the filing of the same is merely for the symmetry and completion of the record. Considering, then, that no substantial justice is to be effected by sending back the case, and somewhat doubtful, as we are, as to the proper construction to be placed upon this rule of Court, we hesitate to disturb a settled practice, by interfering with the judgment of the Court below.