GABRIELLA M. BUTLER, plaintiff in error, *vs.* THOMAS C. JAMES and PIERCE BUTLER, defendants in error.

1. A decree for the performance of a duty merely, is not embraced within the Dormant Judgment Acts of 1822 and 1823.

Motion to enforce a decree in Chancery.   From McIntosh Superior Court.   Decided by Judge FLEMING.   At Chambers, in December, 1860.

The record, in this case, exhibits the following facts and questions, to wit:

John Butler died, leaving in full force a will, in which, amongst other things, it is provided and directed that his estate, real and personal, shall vest in Pierce Butler and Thomas C. James, as trustees, the entire income of which the trustees were to pay to the wife of testator, so long as she and his daughter, Elizabeth Butler, should remain unmarried, after his death, for the comfortable maintenance of his said wife and daughter, and on the marriage of the daughter, during the lifetime of the wife, then the trustees were to pay one-half of said income to the wife, whilst she remained unmarried, and the other half to the said daughter.

The trustees were also appointed executors of the will, but, not being citizens of Georgia, Mrs. Gabriella M. Butler, the testator's wife, had the will proven, took out letters of administration, with the will annexed, and fully executed the will, so far as she could do so.

The trustees filed an amicable bill against her, for an accounting relative to said estate, praying that she might be

decreed to deliver to them all of said estate, and that the trustees be empowered to sell the estate in Georgia, and carry out the trusts of the will. Mrs. Butler filed her answer, admitting the allegations made in the bill.

At the April Term, 1850, of McIntosh Superior Court, a decree was rendered between the parties in the case, in which it was adjudged that Gabriella M. Butler had fully administered the estate of the said John Butler, and accounted for the same; that her accounts be confirmed and allowed; that she deliver over the whole of said estate in her hands, as administratrix, to the complainants, Pierce Butler and Thomas C. James, trustees under the will of said John Butler, deceased, and that said trustees be authorized, in accordance with the provisions of said will, to receive and hold the same for the purposes and trusts of said will; that Gabriella M. Butler be thereafter discharged, with her securities, from all future liability or accountability for her actings and doings with said estate, as administratrix thereof; that said trustees be empowered to carry out the provisions of said will, which empowers them to sell and dispose of the estate lying and being in the State of Georgia, by selling the same at the time and in the manner specified in the will; and that the costs and expenses of this proceeding be paid out of said estate."

Here the matter rested, until the November Term, 1859, of McIntosh Superior Court, when, after due notice to the parties, a rule was granted, calling on the said Gabriella M. Butler to show cause why the provisions of the decree should not be carried into effect, she having, up to that time, failed to deliver said estate according to the terms of the decree.

Counsel for Gabriella M. Butler, in answer to the rule, showed for cause why the decree should not be enforced, " that there was no such decree, the same having been obtained more than seven years before, and no execution ever having been issued thereon, or return made, according to the Act of Georgia, of 1823, in regard to dormant judgments, and that the said decree was, by that Act, null and void."

By agreement of counsel, the question was argued before Judge Flemming, in the county of Chatham, and, after argu-

ment had, the presiding Judge decided " that the decree or judgment was not dormant, but, on the contrary, was a good, valid and subsisting decree or judgment, and ought to be satisfied, and ordered that the said Gabriella M. Butler should deliver the property according to the terms of the decree, on or before the November Term of McIntosh Superior Court next thereafter."

This decision is the alleged error.

WM. LAW, for plaintiff in error.

THOMAS E. LLOYD, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

Is the decree rendered in this case, at the April Term, 1850, of McIntosh Superior Court, dormant?

It is admitted that, except for the provisions of the Acts of 1822 and 1823, there was no limitation to the operation of judgments and decrees in Georgia. They are good forever, without renewal. Does this decree, which is not for the payment of a sum of money, but for the performance of a duty, namely, the delivery over of property, fall within either the letter or spirit of the Acts of 1822 and 1823?

What was the mischief that those statutes were intended to prevent? It is specified in the preamble to the Act of 1822, to which the Act of 1823 was supplemental and amendatory. The preamble recites, that dormant judgments are collusively kept open, and thereby made the instruments of fraud on innocent purchasers, and often operate oppressively on vigilant and *bona fide* creditors. Hence the enactment that all judgments signed and verdicts rendered at the same term of the Court, be considered, held and taken to be of equal date; and that if no execution be sued out, on which execution, if sued out, no return shall be made by the proper officer for executing and returning the same within seven years from the date of said judgment, shall be void and of no effect. The law further provides, that plaintiffs may renew said judgments after the expiration of seven years, but the

Butler *vs.* James and Butler.

*lien* of the renewed judgment shall only operate on the property of the defendant from the time, of such renewal.

It is obvious, from a perusal of the acts, that they contemplated only judgments at common law. For apart from the rule that where cases generally are mentioned in a statute, the word will be held to embrace only cases of common law, though wide enough to include equity causes, the reference throughout is to suits at common law, and the technical words, verdicts and judgments are used throughout the Act; and, in addition to this, it refers to judgments and verdicts that are to be enforced by execution, and not by attachment, and such other proceedings as are usual in equity. Again, the Act says that the *lien* of the renewed judgment is only to take effect from the time of its renewal. The law, then, applies to judgments which fixed a *lien* on the defendant's property.

Hence this Court held that a decree in equity for a specific sum of money, was within the mischief of the Act. 8 Georgia Reports, 32. And this decision was in accordance with the spirit of the 13th Rule of Equity Practice, adopted about the time the Act of 1823 was passed—2 Kelly, page 483—which provides that when a case in equity shall be tried by a jury, who shall render a verdict for a specific sum, a decree shall be entered for such sum, and such execution shall be issued thereon, as if the cause had been tried at common law, and when the finding of a jury is special, and requires the payment of money, and some duty to be performed, the sum so found may be recovered at common law, and such duty shall be enforced by the Court, by attachment for contempt, or otherwise, according to the course of proceedings in equity.

We think it, therefore, morally certain that this case does not come within either the letter or spirit of the Act against dormant judgments, and the reasoning of this Court in Butt vs. Maddox, 7 Georgia Reports, page 495, and in 18 Georgia Reports, pages 746, 749, fully sustains the foregoing positions, and the argument with reference to the foreclosure of

.mortgages applies equally to a decree in equity, which prescribes the performance of a duty, but creates no lien.

Nor do we see any error in the order of the Judge directing the decree to be carried out. The record shows (and by that we must be governed) that, in answer to the rule taken in July, 1857, but not heard till February, 1860, calling upon the plaintiff in error to show cause why the decree should not be executed, she showed no other cause, but that the decree was dormant, and this by way of oral demurrer to the rule. If the decision of the Judge went. beyond the issue made, and she is satisfied of the fact, the order can be limited or set aside, upon motion, as having been improvidently granted. No application has been made for this purpose. In the present state of the case, we cannot do otherwise than affirm generally the judgment of the Court below.

Let the judgment be affirmed.