TURNER HORTON, plaintiff in error, *vs.* W. W. CLARK, Executor, defendant in error.

A judgment foreclosing a mortgage, is not within the Acts providing for the dormancy of judgments.

The Act of March 6th, 1856, providing that judgments *shall be presumed paid off and satisfied*, upon which no execution shall issue in seven years from the date of the judgment, or, if an execution has issued, if no entry be made on the same, within seven years, does not render said judgment dormant, but *satisfied*, and was suspended by the various Acts from 1860 to 1865, suspending the statutes of limitations.

Dormant Judgments. Statute of Limitations. Before Judge GREEN. Newton Superior Court. September Term, 1869.

On the 3rd of October, 1860, a mortgage *fi. fa.* was issued in favor of Clark as executor of Conyers, against certain lands therein named, which Horton had mortgaged. No entry was made by any officer on said *fi. fa.* till it was levied upon said lands, on the 29th of October, 1868. Turner filed

his oath of illegality, averring that said *fi. fa.* was dormant, etc. All the other questions being waived, and that being submitted to the Court, he held that the *fi. fa.* was not dormant, and ordered the sheriff to proceed under the levy. This is assigned as error.

P. L. Mynatt, for plaintiff in error, cited Cobb's N. Dig., 496, 498; 8th section of Limitation Act of 1856, pamph., 234; Irwin's Code, sec. 2863; 19th Ga., 279; Battle vs. Shivers, 39th Ga. R.; 7th Ga. R., 495.

W. W. Clark, for defendant, relied upon the last case cited and asked for damages, for delay.

McCay, J.

It was assumed, in the argument of this case, for the plaintiff in error, that this Court, in the case of *Shivers and Battle,* *39th Georgia,* 405–416, had held the eighth section of the Act of March 6th, 1856, not a statute of limitations, and therefore not suspended by the various Acts from 1860 to 1865, suspending the statutes of limitations. There are, it is true, some expressions there used indicating that the Court did not consider that section of the Act of 1856, a statute of limitations, but an Act regulating the lien of judgments. But a close inspection of that decision will show, that the Court distinctly decides in that case, that so far as the section alluded to prevents the *revival* of a *dormant* judgment, it *was* a statute of limitations, and therefore was suspended by the suspending Acts. The Court, in that case, says distinctly, page 407 : "In a very fair sense, a provision that a judgment shall be presumed satisfied, may be called a statute of limitations, since a judgment thus situated cannot be revived nor sued upon."

The 8th section of the Act of 1856, is in these words : "That no judgment hereafter obtained in the Courts of this State shall be enforced after the expiration of seven years from the time of its rendition, when no execution has been issued upon it, and when execution has been issued, after the

expiration of seven years from the date of the last entry up-
on the execution, made by the officer authorized to execute
and return the same.    But all such judgments shall be held
and taken *as fully satisfied and paid.*"

There is nothing said here of *dormant judgments,* nothing
of the *revival* of such judgments, the language is broad,
strong and positive; judgments without the entry, shall be
presumed *paid off and satisfied.*   There is no preamble here,
as in the Acts of 1822 and 1823, reciting that creditors are
defrauded and innocent purchasers damaged, by collusions
and fraud, nor is there any proviso for the *revival* of the
judgment, by *scire facias,* or by action of debt.    It is simply
said, the judgments shall be held and taken to be fully paid
off and satisfied.

We are inclined to think that while this Act was of force,
a judgment, which was permitted by the plaintiff to lie,
without the entries required, for seven years, did not become
a dormant judgment but a dead, satisfied, judgment, and that
this Act was intended to beget, between the plaintiff and de-
fendant, the conclusive presumption that the judgment was
paid.    That whilst this Act operated, a dormant judgment
and a dead judgment were the same thing, and, so far as I
am concerned, I see nothing in the section which excepts
mortgage judgments from its operation.

The case of *Butt vs. Maddox,* 7th *Georgia,* 495, excepts
mortgage *fi. fas.* from the Act of 1823, solely on the ground
that the Act was intended, not to *regulate the rights of the
plaintiff and defendant,* but the rights of third persons, and
that it acted not on *the judgment,* but on the lien of the judg-
ment, and that, as a mortgage *fi. fa.* does not get its lien
from the judgment, but from the mortgage, the Act of 1823
did not refer to mortgage judgments and executions.

The Act of 1856 does not, in its terms, except mortgage
judgments, nor does it contain any language from which it is
to be inferred that it operates only upon the lien.    It says the
judgment shall be taken to be paid off and satisfied, and it
makes no provision for the revival of the judgment.

As was intimated in the case of *Battle vs. Shivers,* 39th

*Georgia Reports*, 405, we think the Act of 1856, this section was suspended during the war, and that a judgment without the entries required, was not presumed satisfied and paid off. The suspension of this section, however, just as its repeal would have done, left in operation the Act of 1823, which, in *Battle vs. Shivers* we held was not a statute of limitations, but an Act regulating the rights and duties of the plaintiffs in judgments towards each other and towards purchasers from the defendant, and was not suspended by the suspending Acts.

Whilst the Act of 1856 was of force, the law relating to *dormant* judgments was swallowed up, as it were, by the law declaring that seven years, without the entries required, rendered a judgment *satisfied;* but when that Act was suspended what was the result? Were vigilant creditors and innocent purchasers left without protection? Or was the law of 1823 protecting *them* again in operation? Suppose a statute were passed declaring that a mortgage not recorded in three months should be absolutely null and void, whilst that statute was in force, the present law declaring that such a mortgage is not good against innocent purchasers, would be obsolete. But if the supposed law were repealed, would not the former Act revive? Or if it were suspended, would not the same result follow? Such is the settled rule for the construction of statutes: Sedgwick on Con. and Stat. Law, 129, 134.

When the Act of 1856 was suspended, by what law were the rights of vigilant creditors and innocent purchasers regulated? By the common law; and under the Act of 1799, and up to 1811, judgments became dormant in a year and a day; by the Act of 1811 they never became dormant; by the Act of 1823 they became dormant in seven years, if no entry was made by the proper officer. In my judgment, we must stop at the next Act previously to 1856, which regulated the subject. If all *statutes* on the subject were repealed, then the common law would be of force, and this made a judgment dormant in a year and a day.

We held in *Battle vs. Shivers*, that none of these regulations as to the dormancy of judgments were in any proper

sense statutes of limitations, and that the Act of 1823 was of force up to the adoption of the Code which contains substantially the same provisions as that Act. None of these Acts, for the dormancy of judgments, apply to judgments foreclosing mortgages, because they relate to the *lien* of the judgment only, and a mortgage judgment has no lien as a judgment. It gets its lien from the mortgage: 7th Georgia 495.

We are clear, therefore, that a mortgage judgment, during the suspension of the Statute of Limitations, is not affected by want of the entries required once in seven years, and we therefore affirm the judgment of the Court in this case.