RICHARD K. HINES *et al.*, plaintiffs in error, *vs.* CHARLES J. MUNNERLYN *et al.*, defendants in error.

1. Where a tenant in common has mortgaged the entire estate, and such mortgage has been foreclosed, a court of equity has jurisdiction to enjoin levy and sale until after partition, especially where the mortgagor is insolvent.

2. A claim against the co-tenant for profits arising from the exclusive use of the estate will form a part of the decree for partition and account, and will take precedence of the mortgage made by him.

Equity. Injunction. Partition. Tenants in common. Mortgages. Liens. Before Judge WRIGHT. Decatur Superior Court. May Term, 1876.

Reported in the decision.

J. C. RUTHERFORD; W. O. FLEMING, for plaintiffs in error.

R. F. LYON; D. A. RUSSELL; O. G. GURLEY, for defendants.

WARNER, Chief Justice.

The complainants filed their bill against the defendants praying for a partition of certain described property therein mentioned, between them and the defendant, Munnerlyn, as tenants in common, and to enjoin the defendant, Arnett, from selling any part of said property, as mortgagee of Munnerlyn, by virtue of a *fi. fa.* issued on the foreclosure of his mortgage. On the trial of the injunction bill, the jury, under the charge of the court, found the following verdict: " We, the jury, find and decree that the complainants are entitled to one-half interest in the real estate as owned by Mrs. Hannah Munnerlyn and C. J. Munnerlyn, at the time of Mrs. Hannah Munnerlyn's death, to-wit: the following lots and fractional lots of land: three hundred and forty-nine, three hundred and forty-eight, three hundred and fifty-two, three hundred and sixty-four, three hundred and sixty-three, three hundred and eighty-eight, three hundred and eighty-seven, three hundred and eighty-six and three hundred and eighty-five, in the twentieth district; also two hundred and fifty-eight, two hundred and fifty-seven, two hundred and fifty-six, two hundred and fifty-five, two hundred and fifty-nine, two hundred and sixty, and two hundred and sixty-one, in the twenty-first district; also that the complainants are entitled to all the rents, profits and issues received from the aforesaid interest, as managed by C. J. Munnerlyn, before the time of Mrs. Munnerlyn's death, to the date of the mortgage given to F. G. Arnett, with interest included, amounting to $6,712 00. We further find and decree that one-half the land mentioned in the large mortgage, to-wit: lots and parts thereof, three hundred and forty-

nine, three hundred and forty-eight, three hundred and fifty-two, three hundred and sixty-four, three hundred and sixty-three, three hundred and eighty-eight, three hundred and eighty-seven, three hundred and eighty-six and three hundred and eighty-five, in the twentieth district; also two hundred and fifty-eight, two hundred and fifty-nine, two hundred and fifty-six, two hundred and fifty-five, two hundred and fifty-nine, two hundred and sixty and two hundred and sixty-one, in the twenty-first district, and all the land mentioned in the small mortgage, to-wit: two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four, in the twenty-first district, (except one hundred and sixty-seven acres of lot two hundred and sixty-four, relinquished by F. G. Arnett,) was conveyed to F. G. Arnett by mortgage, to satisfy a certain promissory note against Munnerlyn, principal of the above note, $6,250 00, with interest added, amounts to $9,910 31. We further find and decree that the mortgage held by F. G. Arnett, has precedence to the indebtedness of C. J. Munnerlyn to the complainants." The complainants made a motion for a new trial, on the several grounds set forth therein, which was overruled by the court, and the complainants excepted.

It appears from the evidence in the record that C. J. Munnerlyn, the father of the defendant in the bill, died intestate, leaving the defendant and his mother, Hannah Munnerlyn, his heirs-at-law; that they lived together and enjoyed the property left them by the intestate as tenants in common until the death of the said Hannah, who, by her last will and testament, devised and bequeathed her one-half interest in the property inherited from her deceased husband (the same being undivided,) to the complainants. The defendant, C. J. Munnerlyn, after his mother's death, mortgaged the entire interest in the several lots of land in controversy, to the defendant, Arnett, to secure the payment of $6,250 00 which the said Munnerlyn was indebted to him.

1. One of the main questions in the case made on the argument here, was whether Arnett, the mortgagee, should be

Hines *et al. vs.* Munnerlyn *et al.*

enjoined from proceeding to sell the mortgaged property until the complainants, as tenants in common with the mortgagor, could have their interest and share in the property mortgaged by their co-tenant, ascertained, set apart, and partitioned to them, as the same existed at the death of their grand-mother, without regard to the incumbrance of the mortgage so far as their rights and interest in the property are concerned. There can be no doubt that Munnerlyn, the co-tenant of the complainants, could not convey or mortgage the joint property, so far as to affect or prejudice their title to or interest in it, as tenants in common, notwithstanding he may have attempted to convey or mortgage the entire interest in the property. There can be just as little doubt that the complainants were entitled to have the property partitioned between them and their co-tenant, C. J. Munnerlyn, without regarding the mortgage executed by him to Arnett. In view of the facts of this case, a court of equity properly had jurisdiction of it for partition: Code, section 3183.

2. Another of the questions made here was whether the complainants, as tenants in common, were entitled to have a decree out of the *corpus* of the property, on a partition, for the exclusive use thereof by Munnerlyn, their co-tenant, since the death of their grand-mother. On the part of the defendants it was insisted that the exclusive use of the joint property by Munnerlyn, the co-tenant, only created a debt in favor of the complainants as against him, and that that debt created no lien upon the joint property, or upon Munnerlyn's half of it. Whilst it may be true that the complainants have not strictly a legal lien upon the *corpus* of the joint property, or upon their co-tenant half of it for what he may be indebted to them for the exclusive use of the joint property, still the complainants have a clear equitable right, on a bill filed for partition and account against their co-tenant, to have his share of the joint property charged with such indebtedness in the decree for partition, the more especially when their co-tenant is insolvent, as in this case: 1 Story's Equity Jurisprudence, sections 654, 655; Code, section 3185. Whether their co-tenant

is justly indebted to the complainants, in view of their maintenance and education, etc., whilst he was in the exclusive possession and control of the joint property, and what amount, must necessarily depend upon the evidence.  Inasmuch as Arnett is interested as mortgagee of Munnerlyn's interest in the property, after a just and equitable partition thereof, he may contest the indebtedness of Munnerlyn to the complainants, if Munnerlyn himself should fail to do so.    Whilst it may be true, as a general rule, that the undivided interest of a tenant in common can be levied on and sold when there are no obstacles in the way, or incumbrances on the property, yet, when there are such obstacles in the way and incumbrances on the property as will prevent a sale of the property for a full price, and enable the purchaser thereof to obtain a good title, it is the better and safer practice to ascertain by a decree of the court what are the rights of the defendant to the property levied on before a sale thereof.    The decree in this case should have made an equitable partition of the property between the tenants in common, either by the appointment of commissioners for that purpose, or otherwise, as prayed for in complainants' bill, and then left Arnett to proceed to collect his mortgage *fi. fa.* out of that portion of the joint property which may be decreed to Munnerlyn, the mortgagor.

Let the judgment of the court below be reversed.