## WALL, executor, for use, *vs.* JONES.

62   725
114  418

62   725
121  259

1. On a bill filed by an administrator against the heir of his intestate, a decree directing that certain specific lands of the intestate in the hands of the heir be sold to pay an outstanding debt of the estate, on which judgment has been recovered against the administrator, is not, as against the heir, a decree for money, but for property, and the same does not become dormant under section 4219 of the Code.
2. The execution or process of sale issued upon such a decree may be in favor of the administrator for the use of the judgment creditor, the decree itself directing that the proceeds of sale be applied to the judgment.

Judgments.   Statute of limitations.   Executors and administrators.   Execution.   Levy and sale.   Before Judge BARTLETT.   Wilkinson Superior Court.   October Term, 1878.

An execution dated February 1, 1875, wherein the sheriffs are directed to cause to be made of certain described lands $1,134.15 principal, besides interest and costs, which James Jackson, for the use of William C. Parker, lately recovered in Wilkinson superior court against Joseph T.

Jones, was, on February 26, 1878, levied upon the property therein named. To this process Jones filed an affidavit of illegality setting forth the following grounds :

1. The execution was based upon a decree which was dormant at the date it issued, and dead at the time of the levy.

2. The execution materially varies from the decree upon which it purports to be based, said decree being in favor of James Jackson, whilst the execution is in favor of said Jackson for the use of William C. Parker.

The case was submitted to the court without the intervention of a jury. The decree referred to in the execution was based upon a bill filed by Jackson, formerly administrator of Rebecca Jones, against Joseph T. Jones, to subject certain land which had been turned over to him as the heir-at-law by said administrator, to the payment of certain judgments obtained against such administrator on a debt of his intestate. Upon this bill, cross-bill, answer, etc., the jury, on November 14, 1867, returned a verdict, in substance, as follows : We find that the Parker debt, on which judgments were rendered at the August term, 1866, of Wilkinson county court, against James Jackson as the administrator of Rebecca Jones, deceased, was a debt of said deceased, and that the same is still unpaid. We further find that certain land (describing that levied on) was originally the property of said deceased, and was turned over by James Jackson to Joseph T. Jones, heir-at-law, and is subject to the payment of the aforesaid Parker debt. We further find that said land be sold under the rules and regulations governing sheriffs' sales, and that the proceeds thereof, or so much as may be necessary, be applied to the payment of said debt, and the costs of this proceeding.

The decree of the chancellor was entered on the same day, and was substantially a repetition of the last division of the verdict of the jury, with the direction that execution do issue.

Jackson having died, Wall, his executor, was made a party in his stead.

The court held that the judgment was dormant at the time the execution issued, sustained the illegality and dismissed the levy. To this ruling the plaintiff excepted.

J. G. OCKINGTON, by J. A. BILLUPS, for plaintiff in error, cited 7 *Ga.*, 495; 40 *Ib.*, 412; 8 *Ib.*, 32; 18 *Ib.*, 749; 33 *Ib.*, 151; Code, §§3639, 4217, 4219.

W. W. WILLIAMSON, for defendant, cited 58 *Ga.*, 278; 8 *Ib.*, 97, 106, 110, 325; 7 *Ib.*, 154, 495; Code, §§2924, 2309, 2316, 3328, 3377, 3378, 3381, 3382, 4215, 4217, 4219; 56 *Ga.*, 138, 640; Hill on Trustees, 247; Angell on Lim., §178; 2 Par. on Con., 342.

BLECKLEY, Justice.

1. The decree was rendered in 1867, and the execution did not issue until 1875, when more than seven years had expired. The levy was not made until 1878, when more than ten years from the rendition of the decree had expired. The question is, was the decree dormant? In section 4219, the Code declares: " Decrees in equity for the payment of money shall become dormant like other judgments when not enforced, and may be revived upon petition and notice, without a bill or writ of *scire facias*." The provision here referred to in respect to other judgments is in section 2914, and is as follows : " No judgment hereafter obtained in the courts of this state shall be enforced after the expiration of seven years from the time of its rendition when no execution has been issued upon it; or when execution has been issued, and seven years have expired from the time of the last entry upon the execution, made by an officer authorized to execute and return the same : such judgments may be revived by *scire facias*, or be sued on within three years from the time they become dormant."

Prior to the Code, decrees for the payment of money were held to be within the dormant judgment act, 8 *Ga.*, 32 ; but decrees for the performance of a duty were not, 33 *Ga.*,

148. So, it was held that a judgment at law foreclosing a mortgage was not within the act, and did not become dormant. 7 *Ga.*, 495. These rulings are all as applicable to the Code as to the statute on which they were made, for the Code is not substantially different from that statute, touching the question now under consideration. It is obvious that the decree before us is dormant or not dormant accordingly as it may be classified with decrees for the payment of money, or with those not for the payment of money. To which class does it belong? An administrator turned over to the heir-at-law all the realty belonging to the intestate. Afterwards a creditor of the intestate obtained a judgment against the administrator. It is not pretended that this judgment is dormant; on the contrary, it has been kept alive, and has long been in active pursuit of this very land. See 55 *Ga.*, 11; 60 *Ib.*, 500. The administrator filed a bill against the heir to subject the specific realty which the heir had received from him, to the payment of the creditor's judgment. On that bill the decree was rendered. The decree does not require the heir to pay anything or do anything, nor is it operative against property, other than the realty in question. It has no lien upon anything else. It orders a sale of the land, and the application of the proceeds to the creditor's judgment. Whoever heard of an order to sell specific property becoming dormant? Of this nature is a judgment foreclosing a mortgage; and it, as we have seen, does not become dormant. Why, then, should a decree in equity which goes against specific property and no other, become dormant? The condemnation of the land by the decree was not as the property of the heir, but as the property of the intestate, and amounted to a recovery of the land by the administrator from the heir, to whom he had distributed it prematurely. It was a recovery of the land, and a decree to sell it to relieve the administrator from his liability for this debt. The land was not properly administered, and equity undertook to correct and complete the administration. The overplus,

above the debt and costs, which a sale of the land may produce, is all that belongs to the heir, and that he will get. The decree follows trust property, overtakes and condemns it. The sale might have been made under the decree alone, without any execution, and that would have been the better course if the decree had not ordered execution to issue. It is not easy to see why an execution was thought necessary or appropriate, but as the authority to sell is really in the decree, the execution does not vitiate that authority, though apparently superfluous. We think the decree is not, in any sense, a decree for the payment of money, but for the recovery and disposition of property, and, therefore, that it is not dormant. The dormant judgment provisions of the Code are no more applicable to it than they are to a recovery in ejectment, or to a judgment foreclosing a mortgage. Its whole force is against the specific property.

· 2. One of the grounds of illegality alleged in the affidavit is, that the name of the creditor is introduced in this execution as the usee of the administrator　This is no substantial variance from the decree, inasmuch as the decree itself directs the money to be applied to the creditor's debt against the administrator.

Judgment reversed.