STILES, administrator, *vs.* ELLIOTT, executor.

1. A *rule nisi* to foreclose a mortgage is similar to process in an ordinary suit, and may be waived. The petition takes the place of the declaration.
2. A judgment foreclosing a mortgage does not fall within the purview of the law making judgments dormant after seven years of inaction.
3. Though the bar of the act of 1869 may have been good as a defence to an action, it is not good as a ground of illegality after judgment.
4. Twenty years from the date when a mortgage debt is due to the date of issuing a *fi. fa.* on the judgment of foreclosure, is not a bar to the latter. The commencing of the suit on which the *fi. fa.* is founded within twenty years. suspends the statute.
(*a.*) In this case, leaving out the time when the statute of limitations was suspended by law, twenty years had not elapsed even to the date of issuing the *fi. fa.*

Pleadings. Waiver. Illegality. Statute of Limitations. Executions. Mortgages. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1880.

Reported in the decision.

A. J. JOHNSON; T. WARREN AKIN; E. D. GRAHAM, for plaintiff in error.

H. C. CUNNINGHAM, for defendant.

SPEER, Justice.

On the 8th of April, 1856, W. H. Stiles, Sr., the intestate of the plaintiff in error, executed to Wm. Duncan and W. Mackey, the executors of the will of Mary Ann Couper, his deed of mortgage to a number of lots of land lying in Bartow county, for the purpose of securing the payment of a promissory note, bearing that date, for the sum of $7,682.50, and due three years from date. W. H. Stiles, Sr., the mortgagor, died in 1866, and Robert M. Stiles qualified as his administrator. On his death, subsequently, W. H. Stiles, plaintiff in error, qualified as administrator *de bonis non.* Proceedings to foreclose the mortgage were instituted at the September term, 1871, of Bartow superior court, by petition in the usual form. On the back of this petition there was an acknowledgement of "due and legal service, *rule nisi and all* further service waived," which was signed by Robert M. Stiles, administrator of Wm. H. Stiles. At the March term, 1872, a rule absolute was granted, foreclosing said mortgage. No further proceedings were had, and no mortgage *fi. fa.* issued until September, 1879, when a *fi. fa.* was issued and levied on the mortgaged premises on 31st December, 1879. On the 10th day of January, 1880, plaintiff in error filed an affidavit of illegality to the levy of the mortgage *fi. fa.*, upon the following grounds:

(1.) That the mortgage upon which the *fi. fa.* is founded was never legally foreclosed, there having been no rule *nisi* as required by law.

(2.) That a period of seven years had elapsed after the pretended order of foreclosure before the issuing of said *fi. fa.*

(3.) That the right to foreclose, or cause of action, was barred by the act approved 16th March, 1869.

(4.) That said *fi. fa.* issued more than twenty years after the right of action accrued on said mortgage debt.

At the January term, 1880, Stiles, as administrator, also moved to set aside the order foreclosing the mortgage, on the ground that there was "no *rule nisi* as required by law."

At the July term, 1880, it was agreed that the issues made in said illegality and motion to vacate should be submitted as one case to the judge, upon an agreed state of facts (being the facts hereinbefore recited), who, on hearing the same, overruled and dismissed the illegality and motion to set aside the judgment, whereupon defendant below excepted.

1. As to the first ground of error, that there was no rule *nisi* preceding the foreclosure, it might be sufficient to say that, as this question arose anterior to the judgment, this defense is not the subject matter for illegality, and goes behind the judgment; but as the motion to vacate rests upon the same ground, we will say that the rule *nisi* was expressly waived by defendant, as appears from the record.    The rule *nisi* is simply in the nature of a process to bring the defendant into court, and if he waives it and accepts service on the petition in lieu, he is bound by it.    Code, §3337.    The petition is the pleading in the case on part of plaintiff; the order *nisi* is simply the means of notifying the party of the petition pending.    It is true the issue of a rule *nisi* would give more symmetry to the proceedings, but the waiver of it concludes the defendant. 17 *Ga.*, 185.

So the motion to set aside the judgment on the foreclosure, for this cause, comes too late, since the act of 1876 (supplement to Code, §396) requires that "all proceedings of every kind, in every court in this state, to set aside judgments, or decrees of the court, must be made within three years from the rendering of said judgments and decrees."    See also 64 *Ga.*, 497.

In this case, the judgment of foreclosure was rendered 5th of March, 1872, and the motion to set aside made 5th February, 1880.

2. The second ground of illegality was that more than seven years had elapsed between the judgment of foreclosure and the issuing of the mortgage *fi. fa.* thereon, and the *fi. fa.*, therefore, was issued upon a dormant judgment.

In 7 *Ga.*, 495, this court held that "judgments on the foreclosure of mortgages are not within the act of 1823" (the dormant judgment act), which declares null and void all judgments upon which no execution has issued, or, if issued, upon which execution no return has been made within seven years ; and that ruling has been steadily adhered to and followed since. 40 *Ga.*, 412 ; 53 *Ib.*, 328 ; 49 *Ib.*, 51 ; 51 *Ib.*, 279 ; 62 *Ib.*, 725.

3. It was insisted in the third ground of illegality that the cause of action was barred by the act approved 16th March, 1869.

While this may, and probably would have been, a good ground to prevent a recovery, if filed in time, and before the judgment, it cannot be considered, or sustained, in an affidavit of illegality. The judgment rendered is *conclusive* on the estate, and a bar to all defenses which might have been made before its rendition. 54 *Ga.*, 299, 360 ; 59 *Ib.*, 78.

4. It is further insisted as a ground, "that said *fi. fa.* issued twenty years after the right of action accrued on said mortgage debt." The commencement of the suit suspended the running of the statute, and this occurred long before the bar of the statute attached. Nor is it true, in point of fact, that the twenty years had elapsed from the maturity of the contract to the issuing of the *fi. fa.* The contract was dated 8th April, 1856, and matured in three years from that day. Counting out the period when the statute was suspended, the bar had not attached, even if the rule claimed by plaintiff in error was the correct rule of limitation, and which we by no means admit. We see, therefore, no error in the judgment of the court overruling and dismissing the affidavit of illegality and motion to vacate the judgment.

Let the judgment below be affirmed.