CAIN *et al. vs.* FARMER, administrator, *et al.* and *vice versa.*

1. A decree was rendered in 1870 that an administrator recover of the defendant a certain sum of money for a tract of land bought by the defendant at administrator's sale, and subjecting the land to to the payment, with directions that part of the fund be applied to the payment of fees of counsel, the auditor, etc. The defendant delivered up the land to the administrator; but as next friend of certain minor children, obtained a homestead on the land, and on a rule brought in 1871, it was held that this precluded the administrator from selling it and paying the amount specified. When the minors became of age and the homestead expired, in 1882, the attorneys, at the next term of court, moved a rule to cause the administrator to proceed to sell the land and pay to them their portion of the decree. This was resisted, on the ground that the decree was dormant:

*Held,* that such a directory decree is not within the dormant judgment act. Upon the termination of the homestead, it was the duty of the administrator to carry out the decree; and on his failure so to do, it was the right of the parties to force him to do so by rule.

2. The movants in the rule were parties to the equitable proceedings which resulted in the decree. They were counsel, auditor, etc., and thus entitled to a decree for what the jury allowed them as fees, no appeal or exception to the verdict or decree having been made at the time authorized by law.

January 6, 1885.

Equity. Practice in Superior Court. Decrees. Judg-

ments.   Statute of Limitations.   Parties.   Attorney and Client.   Homestead.   Before Judge CARSWELL.   Jefferson Superior Court.   May Term, 1884.

On a bill filed by Farmer, as administrator of Hannah, deceased, against Owens *et al.*, in respect to certain land, which Owens had contracted to buy, and for an account, etc., the following decree was rendered:

" We, the jury, find and decree that execution issue in favor of Henry J. Farmer, administrator of the estate of James F. Hannah, against Enoch H. Owens, for the purchase money of the land set forth in complainant's bill; to-wit, the sum of twenty-four hundred and ninety-one dollars, and that said land be held subject to the payment in full of said execution; that, upon recovering said sum, the said administrator pay as follows, to-wit: To Wilkins & Cain three hundred dollars for their services as attorneys to said estate; to Joseph H. Polhill the sum of one hundred dollars for acting as auditor in this case; to E. H. Pottle one hundred dollars for counsel fees; and to Joseph H. Polhill the further sum of one hundred and fifty dollars for counsel fees; that he pay any legal costs of administration since his last returns and the costs of this litigation, and that he pay the balance of said sum to Enoch H. Owens, trustee of Elizabeth Owens, Caroline Farmer and Edward C. Farmer; and that, upon payment by said Owens to said Farmer of a sufficient amount of money to cover the payments to be made by said Farmer, as above stated, and tendering a receipt by said Owens, as trustee, as above set forth, for the balance of said sum; that said Henry J. Farmer, administrator, as above set forth, make to him titles to said land, and that, upon a failure to pay by said Owens the amount required as before stated, that said land be resold by the execution to issue as allowed by this decree, and that from the proceeds of said sale, said payments be made, as set forth in this decree, and the balance paid to said Owens, as trustee, as before set forth."

Owens failed to make the payments, and surrendered the land to Farmer, administrator, in settlement of the claim; but immediately took out a homestead therein, as next friend of the minor children of Hannah, deceased. On a rule brought in 1871, to require the administrator to execute the decree, these facts were set up as a defence, and the rule was discharged.

In 1882, the beneficiaries of the homestead had be-

come of age, and the present rule was brought at the May term of court, 1883, to compel the execution of the decree by the administrator. To this rule Owens, who was one of the defendants, set up, among other things, that the decree was dormant and could not be enforced by rule; and that the rule *nisi* was proceeding to enforce the decree in favor of Wilkins &·Cain and J. H. Polhill, who were not parties to the bill, whose claims are not set up therein, and in favor of whom no execution was provided to be issued.

The court held the decree to be dormant, and on demurrer dismissed the rule. Movants therein excepted. A cross-bill of exceptions was also filed, which need not be stated in detail.

CAIN & POLHILL, *in propriis personis*, for plaintiffs.

HOOK & MONTGOMERY; GAMBLE & HUNTER, *contra.*

JACKSON, Chief Justice.

A decree that Farmer, administrator *de bonis non* of Hannah, recover of Owens twenty-four hundred and odd dollars, purchase money for a tract of land bought by Owens at administrator's sale, and subjecting the land to the payment, with directions that part of the fund be applied to plaintiffs in error as counsel, etc., was rendered in 1870. Owens delivered up the land to the administrator, but immediately, as next friend of the minor children of Hannah, obtained for them a homestead on the land, which pre-, cluded the administrator from selling it and paying plaintiffs in error, as ruled at the May term, 1871. When the minor children became of age, and the homestead expired in 1882, at the next term—May term, 1883—plaintiffs in error moved a rule that the administrator proceed to sell the land and pay them their portion of the decree of 1870. This was resisted by Owens, on the ground, among others,

that the decree was dormant, and the court below so held, and plaintiffs in error assign for error this ruling.

1. The decree is not within the dormant judgment act. It is directory to the administrator to make this money out of this land.   He was prevented from so doing by the homestead, and the discharge of the rule against him in 1871, on that ground, is an adjudication that he could not make the money while the homestead was in existence. When that homestead estate terminated in 1882, it was his duty to carry out this directory decree; and failing so to do, it was the right of the plaintiffs in error to bring this rule against him, and it was the duty of the court to direct him to carry out the decree.   That this sort of decree in equity is not within the dormant judgment act, see 62 *Ga.*, 725; 33 *Id.*, 148.

2. These plaintiffs in error were parties to the equitable proceedings which resulted in the decree.   They were of counsel, auditor, etc., and thus entitled to a decree for what the jury allowed them as fees, no appeal or exception to verdict or decree having been made at the time authorized by law.

Judgment reversed.