## FOWLER, administrator, *v.* BANK OF AMERICUS.

Inasmuch as a judgment in rem, founded on the foreclosure of a mortgage, does not become dormant, such a judgment needs no revival, and a proceeding for this purpose is useless and unnecessary.

Submitted November 23, — Decided December 13, 1901.

Scire facias to revive judgment. Before Judge Butt. Taylor superior court. April 1, 1901.

*R. S. Foy* and *J. B. Fowler*, for plaintiff in error.

Fish, J. The Bank of Americus sought, by scire facias against J. B. Fowler, administrator of the estate of B. C. Williford, to revive a judgment foreclosing a mortgage. It was alleged in the bank's petition that Williford, on April 8, 1884, executed to the bank a mortgage on certain described realty situated in Taylor county, to secure a debt of a given amount to become due October 1, 1884; that at the August term, 1886, of the superior court of Taylor county, a judgment of foreclosure was rendered, and a fi. fa. issued thereon September 3; that Williford subsequently died, and Fowler was appointed administrator upon his estate. The defendant, by a demurrer to the plaintiff's petition, made the point that a judgment foreclosing a mortgage does not become dormant. The court overruled the demurrer, and the defendant excepted. We think the demurrer should have been sustained and the petition dismissed. It was held, as early as *Butt* v. *Maddox*, 7 *Ga.* 495, that judgments on the foreclosure of mortgages are not within the dormant-judgment act, and this ruling has been consistently followed. This is so because such a judgment creates no lien. The lien of a mortgage arises by the contract of the parties in executing

the same; and the judgment of foreclosure, the execution issued thereon, and the levy do not aid the lien, but only the enforcement of the same. The judgment of foreclosure is merely an order au‡ thorizing the sale of the specific property mentioned in the mortgage, in satisfaction of the lien therein created, and, consequently, does not, like an ordinary judgment from which a lien arises, become dormant under the statute declaring that ordinary judgments shall become dormant under certain conditions. In this connection see *Wall* v. *Jones*, 62 *Ga.* 728; *Stiles* v. *Elliott*, 68 *Ga.* 83. As the judgment was not dormant, but still alive, and as a scire facias can only be issued to revive a dormant judgment, there was no cause of action set out in the petition, and the proceeding instituted by the bank was useless and unnecessary.

*Judgment reversed. All the Justices concurring.*