## HELMKEN, guardian, *v.* MEYER.

1. A cotenant acting in good faith and for the purpose of honestly bet-
   tering the property, and not for the purpose of embarrassing his co-
   tenants or encumbering the estate or hindering partition, will be en-
   titled to compensation to the extent that his substantial and useful
   improvements have added to the value of the common property.
2. Such claim for compensation is an equitable charge upon the land,
   and not a title or interest in the land.
3. In this State a widow is only dowable in lands of which her husband
   died seized and possessed.    Therefore the widow of an improving co-
   tenant is not entitled to have assigned, in addition to dower in her
   husband's undivided share in the whole premises, also a dower estate
   in the improvements placed there by her husband, although in a parti-
   tion of the premises by sale the husband would be equitably entitled
   to be compensated for his improvements to the extent they may have
   enhanced the common property.

AUGUST 13, 1912.

Application for dower.    Before Judge Charlton.    Chatham su-
perior court.    June 17, 1911.

*Osborne & Lawrence* and *E. H. Abrahams,* for plaintiff in error.
*R. R. Richards* and *Edward S. Elliott,* contra.

EVANS, P. J.    Amelia Meyer died seized and possessed of two
contiguous lots of land in the city of Savannah.    Together the
lots measured 69 feet in width and 114.6 feet in depth.    At the
time of her death the lots were unimproved.    These lots passed by
inheritance to her husband, George Meyer, and their two children.
In the center of these lots George Meyer at his own expense
erected a dwelling-house 65 feet in width and 50 feet in depth, and
on the rear of the lots an outhouse 12 by 69 feet.    He married a
second wife, from which marriage two children were born.    With
his wife and children he occupied the house as a family home until
his death.    His widow applied for dower, claiming that in the as-
signment of her dower the improvements were to be considered as
the sole property of her deceased husband.    The two older chil-

dren, by their guardian, while admitting that the widow was dowable in one third of the land, contested the widow's claim that the improvements were to be regarded as the sole property of her deceased husband.

The first step in the solution of the legal proposition presented by the foregoing facts is to ascertain whether George Meyer, at the time of his death, on partition proceedings would be entitled to compensation for the value of the improvements erected by him on land owned in common by himself and the two children of the first marriage. Where land owned by several cotenants is capable of division in kind, and valuable improvements are made by one of them, in a partition between the owners equity will allow the improving cotenant the benefit of his improvements, if it is practicable to do so. In dividing the land the court may take into consideration the improvements, and assign to the improving cotenant that portion of the land on which they are situated, the division being made on the basis of the unimproved value, if the nature of the land and the improvements permit such a division and it can be done without injury or injustice to his cotenants. *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414). It is said, however, that the rule is different where the land is not susceptible of a division in kind or is rendered so by the erection of the improvements, and that in such cases the improving tenant will not be compensated for his improvements, though the common property is thereby enhanced in value. The reason of the rule for allowing compensation to the improving tenant in common is, that when his improvements enhance the value of the common estate and his cotenants are not injured in any way or hindered from having partition, they should not be permitted to take advantage of improvements which enrich the common property and to which they have contributed nothing. The original cost of the improvement is not to be allowed, because it might result in the other owners being improved out of their property by an extravagant or unbusinesslike cotenant, and the improvement may have depreciated at the time of the partition sale. Moore *v.* Williamson, 10 Rich. Eq. 323 (73 Am. D. 93) ; Ward *v.* Ward, 40 W. Va. 611 (21 S. E. 746, 29 L. R. A. 449, 52 Am. St. R. 911). The extent of the improving tenant's right to compensation is the enhanced value of the property, due to the improvement. There can be no

difference in principle between allowing the equitable claim of a. part owner for his improvement in cases where partition may be had in kind, and where a partition can only be accomplished by a sale of the common property. The right of the improving tenant to compensation is not dependent on the divisibility of the land in kind, but upon that broad principle of equity "that a cotenant acting in good faith and for the purpose of honestly bettering the property, and not for the purpose of embarrassing his cotenants or encumbering the estate or hindering partition, will be entitled to compensation to the extent that his substantial and useful improvements have added to the value of the common property." 6 Pom. Eq. Jur. § 719; Hall v. Pidcock, 12 N. J. Eq. 314; Moore v. Thorp, 16 R. I. 655 (19 Atl. 321, 7 L. R. A. 731). In determining whether an improving cotenant should be recompensed for his improvements, as reflected in the increased value of the common premises, all the circumstances attending their erection, their nature, and their relation to the estate improved and to the other cotenants are to be considered. Where it appears that the improvements are permanent and useful to the common estate, and the cotenants are not excluded from the enjoyment of their property, and their interest in the property has not been diminished in value, we see no reason why the improving cotenant should not be equitably entitled to the increased value of the estate caused by the improvement. In the instant case the evidence discloses that Mr. Meyer was a man of small means. He was sole owner of one piece of property and joint owner with his two minor children of an unimproved and unproductive city lot. He sold the property which he owned in severalty, and built a family home on the lot owned by himself and children. These children lived with their father until his death, in this family home. They were not excluded from their property. Under these circumstances we think that at the time of his death, in an equitable partition of the premises by sale, he would have been entitled to the increased value of the premises due to the improvement.

Is the widow dowable in this increased value? A widow is entitled to dower in lands held by her deceased husband as a tenant in common, and partition need not precede the setting aside of the dower. *Ross* v. *Wilson*, 58 *Ga.* 249. So that the inquiry is,

whether this right of her husband to the increased value is appurtenant to his ownership of a part of the estate, so as to impress it with all of its legal incidents, or whether it is only an equitable charge upon the land. By improving land held in common, the cotenant does not enlarge his legal title to the land; his fractional interest in the title to the premises remains unchanged. What he acquires is an equitable right to have an accounting for the increased value of the premises, caused by his improvement, in a partition between him and his co-owners. Such a claim is rather an equitable charge upon the land improved, than a right, title, or interest in or to it. Curtis v. Poland, 66 Tex. 512. In this State a widow is not dowable in an equity; she is entitled to a dower only in lands of which her husband died seized and possessed, that is to say, lands to which the husband had legal title or a perfect equity which is its legal equivalent. *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475), and cases cited. The widow, therefore, is not dowable in any equity which her husband might have asserted against his cotenants on a partition of the property. The commissioners assigned to the widow as dower "an undivided one-third of an undivided one-third interest in [the lots described] ; and also the undivided one-third of the entire improvements upon said lots of land, consisting of the dwelling-house and outbuildings thereon, occupied by the said George Meyer as a dwelling at the time of his death." The return of the commissioners was made the judgment of the court. The judgment is erroneous to the extent that the widow should have dower in the improvements as such; and direction is given that so much thereof as allows a dower in the improvements as such be stricken.

*Judgment affirmed, with direction. All the Justices concur.*