### REDDING, administrator, *v.* ANDERSON.

ATKINSON, J. 1. On the face of the paper the mortgage fi. fa. in question was valid. If it was void on the ground that it was not based on a valid judgment foreclosing the mortgage, the burden was upon the claimant attacking the fi. fa. to show that the judgment was void.

2. The evidence was sufficient to show that a rule nisi and a rule absolute were granted.

3. Judgments on foreclosure of mortgages are not within the dormant-judgment statute (Civil Code, § 4355). *Stiles* v. *Elliott,* 68 *Ga.* 83 (2), 86. Nor are such judgments within Civil Code § 5950, which provides that when any person has, bona fide and for a valuable consideration, purchased real property and has been in possession thereof for four years, the property shall be discharged "from the lien of any judgment against the person from whom he purchased." *Hays* v. *Reynolds,* 53 *Ga.* 328; *Whittle* v. *Tarver,* 75 *Ga.* 818, 822.

(*a*) Accordingly, the claimant could not rely upon application of either of the above-mentioned code sections to show that the fi. fa. was unenforceable against the property.

(*b*) If it could be said that ordinarily the fi. fa. could not proceed, because more than twenty years had expired from the maturity of the debt secured by the mortgage as a contract under seal, no such rule could apply in this case, it appearing that after the judgment of foreclosure the defendant in fi. fa. obtained a valid judgment setting apart the mortgaged property as a homestead exemption for his family, and that after the date of termination of the homestead exemption by the death of the last beneficiary thereunder, in 1905, there was insufficient time between that date and the date of the effort to sell, in 1913, for the twenty-year limitation period to expire. The statute of limitations would not run against the fi. fa. during the life of the homestead. *Craddock* v. *Kelly,* 129 *Ga.* 818 (60 S. E. 193).

4. The plaintiff in fi. fa. sought merely to enforce collection of a mortgage fi. fa. at law, and did not seek any affirmative equitable relief. The fi. fa. was not barred by the statute of limitations. Under these circumstances the claimant's contention that the plaintiff was estopped from enforcing the fi. fa., on account of laches and lapse of time, was without merit. *Bowen* v. *Nelson,* 135 *Ga.* 567 (69 S. E. 1115); *Poullain* v. *Brown,* 80 *Ga.* 27 (5 S. E. 107); *Ellis* v. *Smith,* 112 *Ga.* 480 (37 S. E. 739); *Moughon* v. *Masterson,* 140 *Ga.* 699 (79 S. E. 561); Civil Code, §§ 4369, 4536.

5. The court did not err in admitting or excluding evidence; and the judgment finding the property subject was demanded under the facts and the law applicable thereto.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 16, 1915.

Claim. Before Judge Mathews. Bibb superior court. May 26, 1914.

On June 7, 1875, a fi. fa. was levied on land. On its face it was issued from the superior court of Bibb county, and based on a judgment absolute rendered May 22, 1875, in a suit to foreclose a mortgage on the land. Immediately below the entry of levy the sheriff making it signed an undated entry on the fi. fa.: "Above levy postponed by notice of homestead." On March 8, 1913, a different sheriff advertised the property for sale under the above-mentioned levy. A claim was interposed to certain parts of the property of which the claimant was in possession. On the trial of the claim case there was evidence, in addition to the foregoing facts, which showed the following: The land in dispute was conveyed to the defendant in fi. fa. in November, 1860, and the mortgage on which the fi. fa. issued was executed on March 20, 1872, and recorded on April 8, 1872. None of the original papers or orders in the foreclosure proceeding were to be found. On the minutes of the court for the April term, 1875, was a record of what purported to be a rule nisi in the foreclosure proceeding, not appearing to have been signed by the judge or by the plaintiff's attorney. The caption recited: "October term, 1874." It was returnable to "the next term" of court. The minutes of the April term, 1875, also contained a record of the rule absolute in the case, which showed that it was rendered on May 22, 1875, at the April term. This also did not show that the judge or the plaintiff's attorney signed it. Following the record of the rule absolute, on the same page of the minutes, this entry appeared: "Court adjourned until Monday morning June 7th next. B. Hill, Judge S. C. M. C." Nothing else in regard to the foreclosure of the mortgage appeared on the minutes of the court. The regular motion docket of the court showed that the case was docketed, and contained entries to the effect that a rule nisi was granted at the October term, 1874, and that the rule absolute was granted at the April term, 1875, but neither of these entries bore the signature of the judge. The mortgage execution was duly entered on the execution docket. In

June, 1875, the defendant on his own motion was adjudged a bankrupt, and the land levied on was set apart to him as a homestead. He was duly discharged. The debt of plaintiff in fi. fa. was not proved as a claim in bankruptcy in the bankruptcy court. The defendant continued to reside on the property until 1885, when he removed to Macon. When he left he placed a tenant in his residence, who continued in possession until the house was burned in 1890, when he moved away. The defendant continued to reside at Macon until 1907, when he died. His wife, who was the last beneficiary of the homestead, died in 1905. In 1876, when there was an attempt to sell under the aforesaid levy, the defendant in fi. fa. interposed a claim to the property as exempted property set apart to him. On the trial, which occurred in June, 1880, the case being submitted for decision to a judge pro hac vice without a jury, the property was held not subject. Subsequently the defendant in fi. fa. executed another mortgage on the property, dated July 1, 1882. This was foreclosed, and the land was sold by the sheriff to R. F. Lawton in February, 1889. In November, 1890, Lawton conveyed the property to the Macon Construction Company. In 1896 certain commissioners, in an equity suit in Bibb superior court against the Macon Construction Company, sold the land to E. G. Harris, trustee, and in 1897 Harris conveyed the land to the present claimant, who bought, as also did his immediate predecessors in title, without any actual notice of the mortgage or of the fi. fa.; and the claimant has made extensive and valuable improvements upon it. The town of Lizella has been built upon the property. At the conclusion of the evidence the judge directed a verdict finding the property subject. Error was assigned upon the judgment refusing a new trial.

*A. W. Lane* and *L. D. Moore*, for plaintiff in error.

*J. D. Blalock* and *Ryals & Anderson*, contra.