COLLIER *v.* BANK OF TUPELO.

No. 13187.   JUNE 12, 1940.   REHEARING DENIED JULY 16, 1940.

*Bryan, Richardson & Mobley,* and *Samuel H. Wilds,* for plaintiff in error.

*Tye, Thomson & Tye* and *R. A. Edmondson Jr.,* contra.

JENKINS, Justice. 1. "In the trial of a case in which property has been levied upon as that of the defendant in execution, and a

third person has intervened as claimant, the claim affidavit, expressed in the usual form, is generally the only pleading necessary to admit whatever evidence. the claimant may have to offer to uphold his or her own title, or to disparage that of the defendant as a competing title." *Hadden* v. *Larned,* 87 *Ga.* 634, 637 (13 S. E. 806) ; *Stonecypher* v. *Elliott,* 181 *Ga.* 438 (2), 441 (182 S. E. 587) ; *Harris* v. *Anderson,* 149 *Ga.* 168 (99 S. E. 530). In this levy of an execution on land, the judgment for the claimant, which was based on the failure of the plaintiff in execution to issue the execution on her judgment against the defendant in an equitable partition until after the lapse of seven years, was not erroneous for the reason assigned, that the claim affidavit in the usual form failed to raise specifically such question of dormancy.

2. By the terms of the Code, § 37-1211, decrees in equity for the payment of money become dormant like other judgments and executions, when not enforced as provided by the Code, § 110-1001 et seq. Thus, in an equity case, where the decree is "for the payment of money," and not for the recovery of specific property or for the performance of some act or duty (*Butler* v. *James,* 33 *Ga.* 148, 151; *Wall* v. *Jones,* 62 *Ga.* 725, 729; *Hall* v. *Findley,* 188 *Ga.* 487 (2), 4 S. E. 2d, 211), the dormancy statutes will apply, even though the decree for the collection of an unliquidated claim in the amount determined by the decree may be in rem to the extent that it creates and establishes a special lien against particular property where no such lien previously existed. The rule just stated is not in conflict with the principle recognized in. cases where there is some pre-existing title, mortgage, or other lien, which the judgment or execution does not create, but merely seeks to declare and enforce. Such a judgment in rem, entered for the purpose of enforcing a pre-existing lien, is held not to become dormant under the dormancy statutes, which relate only to liens created by the judgment. Manifestly a lien which the judgment does not create the dormancy judgment statutes should not take away. *Butt* v. *Maddox,* 7 *Ga.* 495, 498; *Horton* v. *Clark,* 40 *Ga.* 412, 416; *Hays* v. *Reynolds,.* 53 *Ga.* 328, ·330; *Wall* v. *Jones,* supra.; *Stiles* v. *Elliott,* 68 *Ga.* 83 (2), 86; *Cain* v. *Farmer,* 74 *Ga.* 38, 41; *Fowler* v. *Bank. of .Americus,:* 114 *Ga.* 417, 418 (40 S. E. 248) ; *Conway* v. *Caswell,* 121 .*Ga.* 254 (2), 258 (48 S. E. 956, 2 Ann. Cas. 269).

3. "If one tenant in common receives more than his share· of

the rents and profits, he shall be liable therefor as agent or bailee of the other cotenant; and in equity the claim for such indebtedness shall be superior to liens placed on his interest by the tenant in possession receiving the profits." Code, § 85-1004. Under the rule announced in *New Winder Lumber Co.* v. *Guest,* 182 *Ga.* 859 (187 S. E. 63), the provisions of this section are applicable in favor of a tenant in common who has expended money for the protection of the joint property by the payment of taxes.

(*a*) "An equitable lien is not an estate or property in the thing itself, nor a right to recover the thing—that is, a right which may be the basis of a possessory action. . . It is simply a right of a special nature over the thing, which constitutes a charge or *encumbrance upon the thing,* so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its profits in the other, applied upon the demand of the party in whose favor the *lien exists.* It is the very essence of this conception, that while the *lien continues,* the possession of the thing remains with the debtor or person who holds the proprietary interest *subject to the encumbrance.*" 1 Pomeroy's Eq. Jur. 202, § 165. Thus, by the great weight of authority, equitable liens of this character, particularly the right of a cotenant to enforce reimbursement for taxes expended to protect the property, are recognized as having an antecedent existence, at least as against the parties and their privies with notice, to the extent that such liens are not regarded as being created by the equitable proceedings brought for their enforcement. 14 Am. Jur. 109, 110, §§ 43, 44; 48 A. L. R. 591, and cit.; 62 C. J. 489, 490, § 132; 37 C. J. 341, § 65. If this were not true, the rule could not obtain, as announced in *Hines* v. *Munnerlyn,* 57 *Ga.* 32 (2), before the adoption of the Code, § 85-1004, to the effect that such an equitable lien when thus set up is superior in dignity to liens acquired before the date of the decree. See also, as to the rule in bankruptcy cases that similar liens, enforced or set up by legal or equitable proceedings, are not created thereby, *Middle Georgia Lumber Co.* v. *Hunt,* 53 *Ga. App.* 578 (3), 580 (186 S. E. 714), and cit.; 2 Remington on Bankruptcy (2d ed.), 979, 980, § 1150; 1224-1227, § 1372. Accordingly, even if the Code, § 85-1004, be taken as merely a codification of previous decisions, recognizing the right

of one cotenant to set up and establish a previously existing equitable lien (*Hines* v. *Munnerlyn*, supra; *Shiels* v. *Stark*, 14 *Ga*. 429; *Huff* v. *McDonald*, 22 *Ga*. 131, 68 Am. D. 487), still the judgment would be unaffected by the dormancy statutes, since the lien must be regarded, at least as to a reimbursement for taxes and paving assessments, as a lien which pre-existed, and was not created by the equitable proceedings brought for its enforcement against the particular property.

(*b*) As to what the rule would be in a case where the cotenant's claim is for improvements made on the jointly owned property, where it might be necessary to adjudicate as to the propriety and value of such expenditures, it is unnecessary to determine, since that question is not before the court. See *Helmken* v. *Meyer*, 138 *Ga*. 457, 458 (75 S. E. 586, 45 L. R. A. (N. S.) 738); *Turnbull* v. *Foster*, 116 *Ga*. 765, 768 (43 S. E. 42); *Walton* v. *Ward*, 142 *Ga*. 385, 389 (82 S. E. 1067); *Smith* v. *Smith*, 133 *Ga*. 170 (65 S. E. 414).

4. The judgment in this case in favor of the plaintiff in fi. fa. in a partition proceeding, wherein it was decreed that she recover from her cotenant, the defendant in fi. fa., a specific sum, which was to constitute a special lien on the defendant's share of the property, amounted to but a recognition for the purpose of enforcement of the pre-existing lien in the plaintiff's favor for advances made for taxes including paving assessments, as set forth in her pleadings. Such judgment did not create a theretofore non-existent lien, such as would become subject to the dormancy judgment statutes.

(*a*) Where such a lien has been thus recognized, declared, and set up by a judgment for the purpose of enforcement before the bar of the lien itself by the statute of limitations, the fact that the period of limitations of the original lien, forming the basis of the decree, may have thereafter expired would not operate to render dormant the judgment setting it up. See, in this connection, *Stiles* v. *Elliott*, 68 *Ga*. 83, 86 (4); *Redding* v. *Anderson*, 144 *Ga*. 100 (3-*b*) (86 S. E. 241), where the contention that it would become thus barred was stated, doubted, but not decided. The rule in such a case, where the dormancy judgment statutes do not apply, but where the purpose of the judgment is but to recognize and set up for the sake of enforcement the previous existence of the lien,

is that obtaining at common law. This was that the debt was prima facie presumed to be paid after the lapse of twenty years; and that no shorter period could be considered for such purpose unless there were other circumstances indicating payment, when and in such event a lesser period might be considered in connection with such other facts. *Burt* v. *Casey,* 10 *Ga.* 178, 179; *Milledge* v. *Gardner,* 33 *Ga.* 397, 401; *Willingham* v. *Long,* 47 *Ga.* 540, 545, and cit.; *Norton* v. *Aiken,* 134 *Ga.* 21 (4), 24 (67 S. E. 425); *Tumlin* v. *Guest,* 31 *Ga. App.* 250 (2) (120 S. E. 442).

(*b*) No question as to an innocent purchaser arises in this case, since the deed of the claimant, as grantee of the defendant in fi. fa., was made after the partition decree on which the claimant's title is founded, and this deed refers to the partition proceeding in which the lien was set up by the decree. See *Turnbull* v. *Foster,* supra.

5. Under the preceding rulings, the judge erred in holding that the judgment of the plaintiff in fi. fa. had become dormant by reason of the fact that the execution had not been issued within seven years from the rendition of the judgment.

*Judgment reversed. All the Justices concur.*