EDWIN T. GRAY *et al.,* plaintiffs in error, *vs.* GEORGE S. OBEAR, executor, defendant in error.

A bill was filed by the complainant against the defendant, as executor of his father's will, for account and settlement. The latter answered that he held the property in controversy under the provisions of said will, as trustee for complainant, who was *non compos mentis,* and not as executor. He also set up, by way of cross-bill, that certain judgments had been fraudulently obtained against complainant, and that the executions issuing therefrom levied upon the aforesaid property; he therefore prayed that such plaintiffs in *fi. fa.* might be made parties to this litigation, and enjoined from further proceeding with their levy. The court ordered in accordance with the prayer:

*Held,* error. The defendant had his remedy without bringing such third persons into litigation with which they had no concern.

Gray *et al. vs.* Obear.

Equity.   Parties.   Before Judge HILL.   Bibb county.
At Chambers.   July 8th, 1875.

This is the second time this case has been before this court:
See 54 *Georgia Reports*, 231.

Reported in the decision.

R. F. LYON ; J. & J. C. RUTHERFORD, for plaintiffs in
error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that an original bill
had been filed by Edwin T. Gray against Obear, as the execu-
tor of his father's will, calling upon him for an account and
settlement as such executor.   The defendant set up as a de-
fense to that suit that he held the property claimed, as *trustee*
under the will of the complainant's deceased father, and was
not bound to account to him as executor.   On a former trial
of that case which was brought here by a writ of error, the
judgment of the court below was reversed and a new trial or-
dered, this court holding and deciding that a trust estate could
not be created in this state for the *sole benefit* of a full grown
man who is *sui juris*, and be conveyed to a trustee for the
purpose of protecting it against his creditors for the payment
of his debts, or for the purpose of depriving him from the free
use and enjoyment of such property as the owner thereof.   It
did not appear on the face of the pleadings on the former trial
that the alleged *cestui que trust* was *non compos mentis*, and
therefore incapable of managing his own property; the defend-
ant in his answer to the complainant's bill in that suit, did
not allege *that fact*.   The defendant has now amended his
answer alleging that the complainant is, and was at the time of
the execution of his father's will, *non compos mentis*, and in-
capable of managing his affairs.   The defendant also alleges

in his amended answer in the nature of a cross-bill, that certain executions issued on judgments obtained against Edwin T. Gray on contracts made by him with one Harris, have been assigned and transferred by said Harris to J. & J. C. Rutherford, who have caused the same to be levied on lot number nineteen as the property of E. T. Gray, which is held by the defendant as trustee for him, the defendant alleging that the making of the contracts with Gray by Harris and obtaining judgments thereon, was a fraud upon the defendant as trustee aforesaid. The defendant, in his said answer, in the nature of a cross-bill, prays that J. & J. C. Rutherford may be made parties thereto, and that they be enjoined from proceeding to sell the property levied on as aforesaid, or any other property under said executions, until the further order of the court.   On the hearing of the motion for the injunction as prayed for, the presiding judge granted the same ; whereupon the defendants in the cross-bill, J. & J. C. Rutherford, excepted.

The original bill, and the answer thereto, which is now sought to be amended, was a suit between E. T. Gray, and Obear, the defendant, as executor of William Gray, calling upon the latter for an account and settlement with the complainant as executor. The defendant insisted he was not liable to account to the complainant, as executor, because he held the property as trustee, and that the objects and purposes of the trust had not been executed ; that was the question involved between the parties in the original suit.   In our judgment, it was competent for the defendant to amend his answer by alleging that the complainant was *non compos mentis* for the purposes of that original suit, but we are not aware of any law, or rule of equity practice, which would authorize the defendant by a cross-bill, to make J. & J. C. Rutherford parties to that suit between Gray and Obear, the defendant therein. Why should the defendant be allowed, by a cross-bill, to compel them to be made parties to that original suit, and litigate between him and Edwin T. Gray ?   If the defendant has a title as trustee to the property levied on, he can interpose his claim to it.   If there are any obstacles in the way of his asserting his claim to

the property in the manner pointed out by law, or if his remedy at law is inadequate for his protection, then let him file an original bill against the parties, and not force them by a cross-bill into a litigation between himself and Gray with which they had no concern. In our judgment, the presiding judge erred in making J. & J. C. Rutherford parties to the original suit between Gray and the defendant in the nature of a cross-bill, and then enjoining them, on the statement of facts disclosed in the record.

Let the judgment of the court below be reversed.