### WALTON, executor, *et al. v.* WARD *et al.*

Under the pleadings and the evidence, the court did not err in granting the injunction complained of in this case.

SEPTEMBER 18, 1914.

Injunction. Before Judge Walker. Lincoln superior court. October 29, 1913.

L. H. Ward, B. F. Butler, and others filed their petition against Mrs. Mary J. Walton individually and as administratrix de bonis non of Leonard Sims, and Ann Elizabeth Sims, alleging as follows: Leonard Sims died in the year 1883, leaving a will by which he gave to Mrs. Mary J. Walton and her children 490 acres of land; the rest of his property, consisting of about 1,500 acres of land, besides personalty, he devised equally to his wife, Amanda Sims, and his children, Absalom G. and Ann Elizabeth Sims, minors, but at the death of the wife her share was to vest in and become the property of said two children, share and share alike. Mrs. Amanda Sims was named testamentary guardian, and she and John and George S. Sims were named executors. John and George S. duly qualified as executors. They assented to the devise to Mrs. Walton and her children, but kept the balance of the estate together until the year 1887, when, after procuring an order of court and after due advertisement, they sold at public sale 57 acres to one Busby, the same having, by conveyance and inheritance, passed to certain of the petitioners. The proceeds of this sale were actually expended in the payment of debts and in partial distribution to the legatees under the will. In 1891 John and George S. Sims were discharged as executors, and turned the estate over to Mrs. Amanda Sims, who duly qualified as executrix. She obtained an order of court for the sale of other portions of the land belonging to the estate, and, after due advertisement, made two sales, one of 122 acres and the other of 75 acres; but in executing deeds to the purchasers Mrs.

Sims made ordinary warranty deeds, with no recital of the executor's sale. Later, when the wards attained their majority, they joined with Mrs. Sims in a deed to the 122-acre tract, referring to the former deed of Mrs. Sims. All of the purchasers went into possession at once, cultivated and put improvements thereon, and said tracts are now in the possession of the petitioners respectively. Absalom Sims died intestate, prior to the death of his mother, Mrs. Amanda Sims, owing no debts and leaving no wife or children; his heirs at law being his mother and his sisters, Mrs. Mary J. Walton and Miss Ann Elizabeth Sims. Upon the death of Mrs. Sims, Mrs. Walton, in her own right and as next friend of Ann Elizabeth Sims, brought three ejectment suits against petitioners, the owners respectively of the three tracts of land sold as aforesaid, contending that the executor's sales were void, and that Absalom G. and Ann Elizabeth Sims were mentally incapable of ratifying the same or becoming estopped. She also sought, in the court of ordinary, to have partitioned in kind the land of Leonard Sims which remained unsold, she having qualified as administratrix de bonis non of Leonard Sims. The petitioners are grantees of Mrs. Sims individually, if their title is not good against the estate of Leonard Sims. Mrs. Sims' estate had a sixth interest in the land of Leonard Sims, and the plaintiffs are entitled to have her sixth interest set apart in the land she sold to them, which they have improved; and no partial division of the lands of that estate should be had in which Mrs. Sims' estate and her grantees are not represented; but the status of all the land should be ascertained, and all that now belongs to said estate should be divided together. The prayer is that all proceedings at law be enjoined. Pending a hearing, P. A. Walton, a son of Mrs. Mary J. Walton, became administrator of Mrs. Amanda Sims, and sought, in conjunction with his mother for herself and as next friend of Ann Elizabeth Sims, to obtain a partition in the superior court, as tenants in common of the unsold land. By amendment he was made a party to the present case, with a prayer that his suit also be enjoined.

The defendants filed demurrers to the petition, which were overruled. The court, on the interlocutory hearing, ordered that an injunction as to the suit against Mrs. Busby, who holds, not under a deed from Mrs. Sims, but under an executor's deed (this being as to the 57-acre tract first sold), be refused; and that an injunction

against the further prosecution by the defendants of the ejectment suits against the other petitioners, and against the partition suits mentioned herein, be granted.

Pending a decision in this court the death of Mrs. Mary J. Walton was suggested of record, and it was ordered that the case proceed in the name of her duly qualified executors, P. A., R. T., and Will Walton.

*J. M. Pitner, Colley & Colley,* and *West & Remsen,* for plaintiffs in error.

*Samuel H. Sibley* and *C. J. Perryman,* contra.

BECK, J. (After stating the foregoing facts.) · The court did not err in granting the injunction complained of. No other court than one having equity jurisdiction could adequately dispose of all the interests involved. Whether or not the contention of the defendants is sound, that the deeds of Mrs. Sims conveying the land consisting of the tracts of 122 acres and 75 acres were inoperative as executor's deeds, and that the deed of confirmation subsequently executed by Mrs. Amanda Sims and ·her two children was also inoperative as to the children either as an actual conveyance or as estoppel, because of mental incapacity on the part of the children to execute a deed, may hereafter be determined if those questions become material. And the same may be remarked as to the question as to whether or not, in case the deed of Mrs. Amanda Sims was inoperative as an executor's deed, the plaintiffs in the ejectment suits would be estopped from recovering the land sued for, the proceeds of which went to the payment of debts and were used for the benefit of the estate of Leonard Sims and of these defendants, who are the plaintiffs in the ejectment suits. But the defendants in this case are contending that the deeds of Mrs. Sims, in which are conveyed the two tracts of land now in controversy, are inoperative as executor's deeds to pass title; and the question now is, whether those deeds can be given effect, as the individual deeds of Mrs. Sims, to pass the fee-simple interest which she took in the land as a tenant in common with her two daughters upon the death of her son, Absalom Sims. This son died before his mother, but subsequently to the execution of the two deeds which we have under consideration. At the time of the execution of the deed Mrs. Sims had only a life-estate in a part of the lands belonging to the estate of Leonard Sims; and the deeds which she executed conveyed

the lands by metes and bounds. Now it is clear that had the title in fee simple to these particular tracts of land which she conveyed, or attempted to convey, been cast upon her by the death of an owner to whom she stood in the relation of sole heir, then this would have inured to the benefit of her grantees, and they would have immediately been vested with title. And we are of the opinion that when, by the happening of the death of her son, Mrs. Sims became vested with the entire interest in one sixth of the lands, this casting of the title upon her inured to the benefit of the grantees in the two deeds. In the case of *Lane* v. *Malcolm,* 141 *Ga.* 424 (81 S. E. 125), it was held: "The conveyance by a tenant in common of a portion of the common estate by metes and bounds will be given effect as against the grantor and his privies, so far as it may be done consistently with the preservation of the full rights of the other tenants in common." In the body of the opinion in that case it is said: "But the deed of a tenant in common, conveying by metes and bounds, is not void and inoperative, and is not voidable except at the instance of a cotenant. The grantee of the conveying tenant in common took an interest in the land, and the deed conveying by metes and bounds was good as against the grantor and her privies, and against all the world except the tenants in common with the grantor." And we may add to what was said there, that such a deed by a cotenant is inoperative as against the other cotenants in so far as it would give the grantee in the deed an unjust and inequitable advantage over the other cotenants. For, if it should convey more than the proportionate part of the grantor, it would certainly be inoperative to the extent of the excess over the actual interest of the grantor, and would not necessarily, over the objection of the other cotenants, convey the particular part of the tract of land described by metes and bounds, unless there was some special equitable reason for holding that the grantee should take the particular tract of land conveyed by the deed; and then the grantee would take the particular tract of land, not so much by virtue of the deed itself, as by an equitable assignment to him of that tract of land upon a proper division of the entire tract, in a case where equitable principles required such an assignment upon partition. Following the rule in the *Lane* case, supra, when the title to the fee to a sixth interest in the lands formerly belonging to Leonard Sims, exclusive of the 490 acres given to Mrs. Walton

by the will, became complete (Mrs. Sims already having a life-interest in a part of it, which may be disregarded except to the extent of considering it as completing her fee-simple interest in a third interest in her proportionate part of the lands in which Absalom had a vested remainder interest), it inured to the benefit of Mrs. Sims' grantees, and will entitle those grantees to participate as tenants in common in a partition of the lands. And if the lands granted do not, exclusive of the value of the improvements put upon them, exceed in value the lands to which Mrs. Sims, after the death of her son, upon a partition of the lands would have been entitled to, then the deed will be given full effect; if they do exceed Mrs. Sims' proportionate part of the property, then they will be operative to the extent of Mrs. Sims' one-sixth interest in the lands. We think, therefore, that the court properly granted the injunction complained of, so that there may be an equitable partition or division of the lands involved, in case it should be found upon the final trial that the deeds of Mrs. Sims did not operate to divest the estate of Leonard Sims of title to the two tracts of land involved, containing 122 acres and 75 acres, respectively. And should such an equitable partition or division of the land be ordered, the court should give direction as to the division and assignment of their respective shares to the tenants in common, in accordance with the principle ruled in the case of *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414), wherein it was held: "If two persons are tenants in common of a tract of farming land, and one of them has made permanent improvements on a portion thereof bona fide for the purpose of improving the property, and not of embarrassing his cotenant, or encumbering the estate, or hindering partition, when partition is sought between himself and his cotenant a court having equitable jurisdiction may take into consideration the improvements so made, in dividing the land, and may assign to the tenant who made the improvements that portion of the property on which they are situated, the division being made on the basis of the unimproved value, if the nature of the property and the improvements, and the situation of the latter, are such as to render it practicable, and it can be done without injury or injustice to his cotenant." This principle is also restated and applied in the case of *Helmken* v. *Meyer,* 138 *Ga.* 457 (75 S. E. 586, 45 L. R. A. (N. S.) 738). If, as alleged in the answer of these defendants to the suit, there are debts

owing by Mrs. Amanda Sims, that constitutes no reason why the rights of the plaintiffs in this case should not be ascertained and settled; but if there are·persons holding debts which can be enforced as against the grantees in Mrs. Sims' deeds, that fact can be determined in appropriate proceedings.

While what we have said above·does not deal in detail with all of the specific questions raised, it covers the questions which are controlling in this case.

*Judgment affirmed.   All the Justices concur.*