HARRIS, administrator, *v.* GEORGIA NATIONAL BANK.

BECK, P. J.  1. The evidence offered upon the trial by the plaintiff in error, to the exclusion of which exception is taken in certain grounds of the motion for a new trial, was properly excluded by the court.

2. Under the evidence in the case no judgment other than that rendered by the court, to whom the entire case was submitted without the intervention of a jury, could properly have been rendered.

*Judgment affirmed. All the Justices concur.*

No. 1737.·  SEPTEMBER 29, 1920.

Complaint for land.  Before Judge Smith.  Motion for new trial before Judge Hutcheson.  Newton superior court.  October 11, 1919.

B. C. Harris died on December 24, 1913.  His heirs at law were J. L. Harris, J. W. Harris, and Mrs. Etta Reynolds.  He owned the land in controversy, subject to a deed whereby he had conveyed it as security for a note to Mrs Maude Thompson.  J. W. Harris obtained temporary letters of administration, collected $2000 on a life-insurance policy, paid all the known debts other than that of Mrs. Thompson, and distributed equally among the three heirs the remainder of the amount collected.  Nothing further appears with regard to the temporary administrator.  On April 6, 1915, J. W. Harris executed to one Arnold, to secure a debt of $500, a deed conveying his undivided third interest in the land before mentioned.  On March 29, 1917, all three of the heirs executed to Arnold a deed conveying all of the land to secure a debt of $804.09, with which they caused to be paid off and canceled the debt to Mrs. Thompson, as well as the expenses of making the Arnold loan.  On November 27, 1917, the Georgia National Bank, transferee of Arnold, obtained judgment against J. W. Harris, on which execution issued; and on February 19, 1918, quitclaim deeds for levy and sale of J. W. Harris's undivided third interest were executed by the bank and by Arnold, and were recorded on March 4, 1918.  That interest was levied on and brought to sale under the execution, and a deed therefor by the sheriff to the bank was executed and recorded.  On August 5, 1918, J. W. Harris, upon his application to the court of ordinary, was appointed permanent administrator of the estate of B. C. Harris, deceased; and on the same day he filed a petition for leave to sell the land in controversy, as the property of the de-

ceased, for the purpose of paying debts and of distribution. Citation was duly published, but no personal notice of the application for leave to sell was given. The court of ordinary, at the October term, 1918, granted this application. On February 22, 1919, the administrator commenced the present action to recover of the bank the undivided third interest it had bought at the sheriff's sale, in order that it might be sold under the order of the court of ordinary, alleging that it claimed that interest adversely to the estate, but that it occupied in law the same position as a purchaser of such interest from J. W. Harris, the heir, would occupy. The bank answered, that it was not necessary for the plaintiff to have possession of the land to pay debts or for distribution; that there were no unpaid debts of B. C. Harris, deceased; that the land had descended to the heirs and title had vested in them and those claiming under them, including the bank; and that the land had been so dealt with by them, and not as an asset of the estate of the decedent, and they and the plaintiff were estopped.

The judge (hearing the case by consent without a jury) rendered judgment for the defendant. A motion for new trial was overruled, and the plaintiff excepted. In addition to the general grounds of the motion, it was therein alleged that the court erred in excluding answers to the following questions to witnesses: (a) To G. B. Reynolds, husband and administrator of Mrs. Etta Reynolds, deceased: "Are you claiming anything against the estate of B. C. Harris on behalf of yourself as administrator of your wife on account of this Maude Thompson debt?" — the answer to which would have been that he did, as administrator of Mrs. Etta Reynolds, claim to be subrogated to all the rights and debts that Mrs. Maude Thompson had against the estate of B. C. Harris, and that he had made demands of the plaintiff administrator for that purpose. (b) To the same witness: "Do you consent that this property be divided in kind, or do you demand that it be administered for the purpose of distribution?" — the answer to which would have been that he demanded a sale of the land for purposes of distribution. (c) To J. W. Harris: "What claim has J. L. Harris made against you, or demand for the distribution of the estate?" — the answer to which would have been that J. L. Harris does not consent to a division of the estate in

kind, but demands that it be administered for the purpose of distribution.

*King & Johnson*, for plaintiff, cited: Civil Code, §§ 3657, 3934; *Park* v. *Mullins*, 124 *Ga*. 1072; *Simpson* v. *Ennis*, 114 *Ga*. 202; *Wilkins* v. *Gibson*, 113 *Ga*. 31; *McCowan* v. *Brooks*, 113 *Ga*. 532; *Conyers* v. *Bruce*, 109 *Ga*. 190; 37 Cyc. 392.

*Erwin, Erwin & Nix* and *Rogers & Knox*, for defendant, cited, on administrator's right to recover: Civil Code, §§ 3929, 3934; *Cochran* v. *Bugg*, 131 *Ga*. 588; *Holt* v. *Anderson*, 98 *Ga*. 222. On subrogation: Civil Code, §§ 3558, 3567, 3568, 6037, 6039, 6076, 6540; *Wilkins* v. *Gibson*, 113 *Ga*. 33 (10), 58; *Gray* v. *Obear*, 55 *Ga*. 138. On estoppel: Civil Code, §§ 4189, 3723; *Baker* v. *Sheppard*, 37 *Ga*. 12; *Sewell* v. *Holland*, 61 *Ga*. 608; *Lane* v. *Malcolm*, 141 *Ga*. 424; 16 Cyc. 685, 686.